IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02056-WYD-MEH

TAMMY M. PARDICK,

    Plaintiff,

v.

SHAWN BARROW,

    Defendant.

---

**ORDER ON DEFENDANT'S AMENDED MOTION TO COMPEL**

---

**Michael E. Hegarty, United States Magistrate Judge**.

Pending before the Court is Defendant's Amended Motion to Compel [filed June 9, 2008; docket #32]. The matter is briefed and has been referred to this Court. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court **grants in part** and **denies in part** the Motion to Compel.

**I.    BACKGROUND**

Plaintiff filed this lawsuit claiming Defendant was negligent in causing a motor vehicle accident that resulted in multiple damages including "substantial, serious and debilitating physical, orthopedic, and neurological injuries, past, present and future physical pain and suffering and severe mental anguish, permanent injury, permanent disability, permanent impairment, loss of the value of her time, loss of quality and enjoyment of life . . . medical bills, physician bills, rehabilitation and therapy bills, medication expenses, property damage to her vehicle, loss of the use of her vehicle, diminution in value to her vehicle, attendant damages related to property damage, loss of wages and/or lost earning capacity, disability, impairment and other special damages and expenses."

Complaint, docket #1 at ¶¶ 19, 20, 24 and 25.

Following the exchange of discovery requests and the Plaintiff's deposition, Defendant filed the within Motion to Compel seeking certain medical, employment and social security disability records, as well as a privilege log listing those records Plaintiff has designated as confidential based upon a privilege. *See* docket #32. Plaintiff responded to the motion claiming that she would provide a privilege log by the close of business July 1, 2008, and arguing any records sought by Defendant and not provided were either privileged or irrelevant. *See* docket #42. Defendant replied arguing that he did not receive the privilege log until July 7, 2008 and that it is insufficient; Defendant also argues that Plaintiff should produce military medical records despite the fact that she was never in the military, since her husband was in the service and she allegedly received treatment at military facilities. *See* docket # 45. Counsel for both parties seek awards of attorney's fees.

## II. LEGAL STANDARD

The scope of evidence that is subject to discovery under the federal rules is broad:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial of the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P 26(b)(1). The party objecting to discovery must establish that the requested discovery does not fall under the scope of relevance as defined in Fed. R. Civ. P 26(b)(1). *Simpson v. University of Colo.*, 220 F.R.D. 354, 359 (D. Colo 2004). In diversity jurisdiction cases, such as this one, state law controls any issues of privilege raised by the parties. *Trammel v. United States*, 445 U.S. 40, 47 n.8 (1980). The Court will address each request in turn.

## III. DISCUSSION

### A. Request for Production No. 1

Defendant seeks all medical records relating to the injuries that are the subject of this lawsuit. This request is clearly within the scope of Fed. R. Civ. P. 26(b) in this matter. To the extent that the Plaintiff has not provided records in her possession for any medical treatment she has received as a result of the subject injuries, she is hereby ordered to do so. To the extent that the Plaintiff has no such records in her possession, she will be ordered to execute a release for all medical records related to the evaluation and/or treatment of her subject injuries. The Motion to Compel will be granted as to this request, and Plaintiff shall provide all medical records related to the evaluation and/or treatment of her subject injuries, or shall execute a release for the same, on or before August 1, 2008.

As to Defendant's argument that Plaintiff has not provided medical records for the time period April 29, 2005 through May 7, 2005, the Court finds it sufficient that Plaintiff's counsel has asserted in a pleading filed with this Court that no such records exist.

### B. Request for Production No. 2

Defendant seeks records for any medical treatment Plaintiff has received as a result of any accident preceding, or subsequent to, the subject accident. Plaintiff responded only that she has not been injured in a manner similar to the subject injuries, and therefore had no records to provide. Considering the broad scope of injuries claimed by the Plaintiff in this action, Defendant is entitled to inquire about injuries beyond merely the incident (and precise medical consequence(s)) at issue in this case, in order to determine the nature and extent of any prior or contemporaneous medical conditions that might impact causation and damages in this case. Therefore, the motion to compel

will be granted as to this request, and Plaintiff shall provide a list of all injuries, if any, she has sustained as a result of accidents both prior and subsequent to the subject accident. For any such injury involving the body parts that were injured during the subject accident, Plaintiff shall prepare a list of medical providers and their addresses, and shall execute a release for each such medical provider for any records pertaining to the evaluation and treatment of the injury. Plaintiff shall submit these lists to Defendant on or before August 1, 2008, and Defendant shall prepare releases consistent with this order. If the Plaintiff has suffered no injuries in any accident prior or subsequent to the subject accident, then she shall so state and verify.

    C.    <u>Request for Production No. 3</u>

Defendant seeks records from all medical providers indicating that Plaintiff's injuries are permanent. Plaintiff responded merely that her medical records had been provided. Since Plaintiff has claimed permanent injury as one of her damages, this request falls squarely within the scope of Fed. R. Civ. P. 26(b). Moreover, a general reference to responsive documents is an insufficient response. *DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 680-81 (D. Kan. 2004) ("Plaintiff may not merely refer Defendants to other pleadings or its disclosures hoping that Defendants will be able to glean the requested information from them."). "[A] party responding to discovery has a duty to answer requests for production in a manner that is complete, explicit and responsive." *Cache La Poudre Feed, LLC v. Land O'Lakes Farmland Feed, LLC*, No. 04-0329, 2007 U.S. Dist. LEXIS 15277, *61 (D. Colo. Mar. 2, 2007). Even if documents are produced in lieu of an answer, as provided by Fed. R. Civ. P. 33(d), the response must identify the specific responsive documents. *Pulsecard, Inc. v. Discover Card Servs.*, No. 94-2304, 1996 U.S. Dist. LEXIS 10014, *8 (D. Kan. July 22, 1996). Therefore, the motion to compel will be granted as to this request, and Plaintiff shall

4

provide a specific response to the request, including a list of medical providers and copies of records indicating a permanent injury (or release for the same), on or before August 1, 2008.

D. Interrogatory No. 23

Defendant seeks identification of all medical providers with whom Plaintiff has sought treatment or consultation in the seven years preceding the subject accident. Plaintiff appropriately responded generally citing case law limiting the scope of discoverable medical records that would otherwise be withheld as privileged. However, Plaintiff then responded specifically stating that she has provided all contact information for medical providers only with whom she sought treatment as a result of the subject accident.

As stated previously in paragraph B, Defendant is entitled to inquire about injuries beyond merely the incident at issue in this case, in order to determine the nature and extent of any prior or contemporaneous medical conditions that might impact causation and damages in this case. Therefore, the motion to compel will be granted as to this interrogatory, and Plaintiff shall comply with the order as set forth in paragraph B to respond adequately to the interrogatory.

E. Interrogatory No. 26

Defendant seeks information with respect to Plaintiff's Social Security disability claim, including the identity of medical providers who have provided treatment or services, the amount of benefits and the date Plaintiff first received the benefits. Plaintiff responded confirming only that she received an award of benefits and has been receiving benefits for approximately four years. Considering Plaintiff's claimed injuries, the Court believes it is necessary to require copies of any Social Security disability records or a release for the same. Considering Colorado's waiver rule for personal injury cases, *see Alcon v. Spicer*, 113 P.3d 735, 739 (Colo. 2005), the documents requested

5

are relevant to this action in that Plaintiff has listed lost income and loss of enjoyment of life in her claim for damages. The request is granted, and Plaintiff shall provide copies of the records or a signed release on or before August 1, 2008.

F. Interrogatory No. 2.6

Defendant seeks information regarding Plaintiff's past and current employment. Plaintiff responded simply, "I am not currently employed." Again, Plaintiff claims injuries in the form of lost wages and/or lost earning capacity; therefore, Defendant's request falls within the scope of Fed. R. Civ. P. 26(b). Plaintiff shall provide a complete answer to the interrogatory, including the information requested for past employment, on or before August 1, 2008.

G. Privilege Log

In the motion to compel, Defendant asserted that Plaintiff had not provided a privilege log listing records withheld. Plaintiff responded that she would provide a privilege log by July 1, 2008. Apparently, the log was provided on July 7, 2008, and according to Defendant, the log is "insufficient." However, Defendant did not provide a copy of the privilege log to allow the Court to review any alleged "insufficiencies"; therefore, the motion to compel the production of a privilege log is denied as moot.

H. List of Specific Medical Providers

Defendant contends that Plaintiff has failed to provide records and/or information concerning specific medical providers that are listed in the motion. However, Defendant has not established that such specific records or information were requested from and denied by the Plaintiff. Therefore, to the extent that such records or information are different than those sought by Defendant through her initial interrogatories and requests for production of documents, the motion to compel is denied.

## IV.     CONCLUSION

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendant's Amended Motion to Compel [filed June 9, 2008; docket #32] is **granted in part** and **denied in part** as specified herein. Plaintiff shall respond to the requests so ordered no later than August 1, 2008. All requests for attorney's fees in this matter are denied.

Dated at Denver, Colorado, this 24th day of July, 2008.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge