IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02056-WYD-MEH

TAMMY M. PARDICK,

    Plaintiff,
v.

SHAWN BARROW,

    Defendant.

---

**ORDER ON DEFENDANT'S MOTION FOR SANCTIONS**

---

Before the Court is Defendant's Motion for Sanctions [docket #73]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. LCivR 72.1.C, the matter has been referred to this Court for resolution. For the reasons set forth below, the Court will **grant** Defendant's motion.

**I.**    **Background**

Plaintiff filed this lawsuit claiming Defendant was negligent in causing a motor vehicle accident that resulted in multiple damages including "substantial, serious and debilitating physical, orthopedic, and neurological injuries, past, present and future physical pain and suffering and severe mental anguish, permanent injury, permanent disability, permanent impairment, loss of the value of her time, loss of quality and enjoyment of life . . . medical bills, physician bills, rehabilitation and therapy bills, medication expenses, property damage to her vehicle, loss of the use of her vehicle, diminution in value to her vehicle, attendant damages related to property damage, loss of wages and/or lost earning capacity, disability, impairment and other special damages and expenses." Complaint, docket #1 at ¶¶ 19, 20, 24 and 25.

Following the close of discovery, Defendant filed the instant Motion for Sanctions seeking relief for Plaintiff's alleged failure to cooperate in the discovery process. Defendant alleges that, following this Court's July 24, 2008 order compelling copies of medical records and/or executed releases for medical records to be submitted by the Plaintiff to Defendant on or before August 1, 2008, Plaintiff has failed to comply with such order. Specifically, in accordance with the July 24, 2008 order, Defendant provided Plaintiff with a set of authorizations for release of medical records on July 29, 2008 to be executed by the Plaintiff. *See* docket #73-6. In response on August 4, 2008, Plaintiff provided authorizations executed on August 1, 2008 for a number of medical providers and for release of her social security benefits records. Docket #73-7 and #75-3. In an August 19, 2008 letter, Defendant determined this response to be incomplete, since she had not received medical records or authorizations for at least 30 additional medical providers that appeared on a list of service providers from Plaintiff's health insurance company.[1] Docket #73-8. Moreover, Defendant did not receive records nor an authorization for release of employment records and received no updated Privilege Log as promised by Plaintiff. *Id.*

Plaintiff responded to Defendant's letter on August 27, 2008 alleging that Plaintiff either was not aware of the remaining health providers or would include certain health providers in a "Supplemental Privilege Log to be filed in the near future." Docket #73-9 and #75-5. Regarding those providers for which Plaintiff was not aware of treatment "for injuries related to the subject accident," she requested from Defendant "documentation indicating that said treatment was related to the subject accident, and the dates of treatment with this provider." *Id.* Moreover, Plaintiff

---

[1] The list comprises a "pay-out summary" of providers who have treated the Plaintiff, according to Plaintiff's insurer, Tricare Insurance Company.

2

asserted that, because she is no longer seeking lost wages in this action, the request for her employment records is moot. *Id.*

On September 17, 2008, Defendant's counsel followed up a telephone conversation with Plaintiff's counsel in a letter alleging that certain records still had not been received and were necessary to proceed with the case. Docket #73-10. Specifically, Defendant claimed that she still had not received a supplemental privilege log, nor any records or authorizations from a list of twelve providers itemized on the pay-out summary, nor dental records from two health care facilities. *Id.* Defendant once again stated her position that Plaintiff had not complied with the Court's July 24, 2008 order compelling the requested records. *Id.*

On October 7, 2008, this Court held a pretrial conference at which the Defendant again asserted that she had not received the requested records in accordance with this Court's order. Plaintiff's counsel claimed that he had not received the September 17, 2008 letter from Defendant, but assured the Court that he would work with Defendant's counsel to come into compliance. The Court then ordered that Plaintiff provide all documentation requested in the September 17, 2008 letter; if not received, then Defendant would be permitted to file a motion for sanctions by October 31, 2008.

Following the pretrial conference, counsel for the parties spoke by telephone on October 20, 2008. Apparently, Plaintiff's counsel admitted that he had not yet requested copies of the records listed in the September 17, 2008 letter. Docket #73-10 at 5, 8. Plaintiff followed the conversation with a letter dated October 28, 2008 confirming that he submitted a request for the records to "our records clerk" on October 20, 2008, and that the records clerk then submitted the request to a records retrieval service, EMSI, on October 27, 2008. Docket #75-7. Plaintiff also attached authorizations

for the remaining medical providers and for employment records, all of which were signed by the Plaintiff and dated August 1, 2008. *Id.* at 11-20. Defendant claims that, as of December 10, 2008, she has received additional records for four listed health providers, but has received no records for the remaining providers and no supplemental privilege log. *See* docket #79 at 2; *see also* docket #75-8.

**II.     Discussion**

"The Federal Rules of Civil Procedure give a district court ample tools to deal with a recalcitrant litigant." *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993). Rule 37 provides for the following sanctions when a party fails to provide discovery:

> (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence.

Fed. R. Civ. P. 37(b)(2)(A) & (B). Rule 37(d) further provides, "In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d). It is within the sound discretion of this Court to determine what sanction is appropriate under the circumstances of this case. *NHL v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642 (1976).

In the present case, Plaintiff has failed to comply in a timely fashion with this Court's orders of July 24, 2008 and October 7, 2008. Although the Plaintiff appears to have provided medical release authorizations for all health care providers not listed on any privilege log, she withheld a

4

number of such authorizations (dated August 1, 2008) until she finally provided them to Defendant on October 28, 2008, well after the discovery cutoff and the deadlines imposed by this Court. At no time did Plaintiff seek an extension from the Court of any of these deadlines. Plaintiff's late response is woefully inadequate and inexcusably late. Moreover, Plaintiff has failed completely to provide a privilege log encompassing a list of <u>all</u> providers for whom she asserts a physician-patient privilege.

Under these circumstances, the Court finds that sanctions are appropriate and orders as follows:

> (1) Defendant shall have all costs and attorney's fees reasonably incurred in filing the Motion for Sanctions by filing an affidavit supporting such expenses no later than January 12, 2009;
>
> (2) Because the Plaintiff may not have complete knowledge of Plaintiff's counsel's dilatory conduct and complete failure to respond, all expenses are to be borne by Plaintiff's counsel;
>
> (3) Plaintiff's counsel may object to the reasonableness of the fees requested by Defendant no later than January 23, 2009;
>
> (4) Plaintiff's counsel is directed to serve a copy of this Order on Plaintiff and provide proof of service to the Court no later than January 5, 2009; and
>
> (5) Plaintiff's counsel is ordered to respond fully to any outstanding requests for discovery as set forth in Defendant's September 17, 2008 letter, including providing a complete Supplemental Privilege Log, no later than January 9, 2009.

### III. Conclusion

Accordingly, for the reasons stated above, Defendant's Motion for Sanctions [<u>filed November 14, 2008; docket #73</u>] is **granted** as set forth herein.

Dated at Denver, Colorado this 29th day of December, 2009.

5

BY THE COURT:

　s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge